**Adrienne G. STAIR, Plaintiff,**

**v.**

**LEHIGH VALLEY CARPENTERS LOCAL UNION NO. 600 OF THE UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, United Brotherhood of Carpenters Local 600 Joint Apprenticeship and Training Trust Fund, James Filyac, and United Brotherhood of Carpenters and Joiners of America, Defendants.**

**Civ. A. No. 91–1507.**

United States District Court, E.D. Pennsylvania.

Jan. 12, 1993.

---

Elvira C. La Barre, Turtzo, Spry, Sbrocchi, Faul & La Barre, Bangor, PA, for plaintiff.

Stephen C. Richman, Philadelphia, PA, Charles W. Johnston, Camp Hill, PA, for defendants.

## MEMORANDUM

HUYETT, District Judge.

Plaintiff Adrienne G. Stair is a former member of Defendant Lehigh Valley Carpenters Local Union No. 600 of the United Brotherhood of Carpenters and Joiners of America (Local 600 or Union) and a former

participant in the apprenticeship program operated by Defendant United Brotherhood of Carpenters Local 600 Joint Apprenticeship and Training Trust Fund (JATC). Defendant James Filyac is a business agent of Local 600 and a member of the Board of Trustees of the JATC. Defendant United Brotherhood of Carpenters and Joiners of America (International Union) is the international union of which Local 600 is a member.

Plaintiff has alleged that Defendants have violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17. Count I of Plaintiff's complaint alleges that Defendant Local 600 failed to refer Plaintiff for employment, in a way that deprived her of employment opportunities because of her sex. Count I further alleges that Defendant Local 600 terminated her from its membership because of her sex. In Count II Plaintiff alleges that Defendant Local 600 created an intimidating, hostile or offensive work environment by promoting calendars of nude women and by failing to take action on Plaintiff's behalf when she complained of sexual harassment and discrimination. Count III of Plaintiff's complaint alleges that Defendant JATC discriminated against Plaintiff because of her sex by placing her on probation and later terminating her from participation in the apprenticeship program. In Count IV Plaintiff alleges that Defendant James Filyac sexually harassed Plaintiff by making sexually derogatory comments to her. Plaintiff is suing Defendant Filyac in his individual capacity, a business agent for Local 600, and as trustee of the JATC. Finally, Count V alleges that Defendant International Union discriminated against Plaintiff because of her sex by failing to supervise its local union affiliate properly and stop the alleged harassment and discrimination. The Court granted summary judgment in favor of the International Union on Count V. *Stair v. Lehigh Valley Carpenters Local Union No. 600*, No. 91–1507 (E.D.Pa. July 15, 1992).

Defendants Local 600 and Filyac and Defendant JATC have filed motions in limine seeking an order precluding Plaintiff from offering evidence relating to an alleged remark made by Defendant Filyac to Plaintiff on or before September 23, 1988. Defendants argue that the Court should exclude the evidence because it falls outside the applicable 300–day period of limitations and because Plaintiff has not alleged facts sufficient to support a continuing violation theory. Plaintiff responds that she has alleged sufficient facts to support a continuing violation theory, and that, therefore, she should be allowed to litigate based upon an act outside the limitations period.

In order to sustain a claim for discrimination under Title VII a plaintiff must file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice occurred, or within 300 days after the alleged unlawful employment practice occurred if the person has initially instituted proceedings with a state or local fair employment practices agency. Title VII of the Civil Rights Act of 1964, § 706(e), 42 U.S.C. § 2000e–5(e). A Title VII plaintiff may only litigate acts within the charge-filing period. *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977).

Plaintiff has alleged that sometime between June 23 and September 23, 1988 when she was in the union hall with Defendant Filyac, he stated "Boy, your ass is looking nice, Adrienne. Don't you think so Colin?" Plaintiff filed the underlying charge in this matter with the Pennsylvania Human Relations Commission on August 10, 1989, 322 days after September 23, 1988, the latest day that Plaintiff alleges that Defendant Filyac made the remark. Defendants argue, therefore, that the 300 day filing period prevents Plaintiff from maintaining her Title VII claim for sexual harassment based upon this alleged remark.

The Supreme Court has stated that "[f]iling a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and

equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982). One of the equitable exceptions to the 180/300 day filing period limitation is the continuing violation theory. Under this theory a plaintiff may pursue a Title VII claim for discriminatory conduct that began outside the limitations period if she can demonstrate that the act is part of an ongoing practice or pattern of discrimination effected by the defendant. *Jewett v. International Tel. & Tel. Corp.,* 653 F.2d 89, 91 (3d Cir.), *cert. denied,* 454 U.S. 969, 102 S.Ct. 515, 70 L.Ed.2d 386 (1981). To rely on this theory the plaintiff must prove that a violation occurred within the limitations period and that such violation is "reasonably related" to prior discriminatory acts alleged. *Bronze Shields, Inc. v. New Jersey Dep't of Civil Service,* 667 F.2d 1074, 1080–84 (3d Cir.1981), *cert. denied,* 458 U.S. 1122, 102 S.Ct. 3510, 73 L.Ed.2d 1384 (1982). "[T]he plaintiff must show more than the occurrence of isolated or sporadic acts of intentional discrimination. The preponderance of the evidence must establish that some form of intentional discrimination against the class of which plaintiff was a member was the company's 'standard operating procedure.'" *Jewett,* 653 F.2d at 91–92.

The Supreme Court has held that a plaintiff can bring a claim for sexual harassment based upon acts that created a hostile, offensive, or intimidating work environment. *Meritor Savings Bank v. Vinson,* 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986). As the Fifth Circuit has noted:

> The *Meritor Savings Bank* decision is relevant to the continuing violation theory because a hostile environment claim usually involves a continuing violation. In a hostile environment, an individual feels constantly threatened even in the absence of constant harassment. Thus, in looking at the frequency of harassment, the focus should not be a mechanical calculation. Rather, in light of *Meritor Savings Bank,* the court should review the pattern and frequency of the harassment and determine whether a reasonable person would feel that the environment was hostile throughout the period that formed the basis of the plaintiff's claim.

*Waltman v. International Paper Co.,* 875 F.2d 468, 476 (5th Cir.1989).

Here, Plaintiff alleges that Defendants discriminated against her on the basis of her sex by creating a hostile, offensive, or intimidating work environment. In addition to Defendant Filyac's comment to her about her buttocks on or before September 23, 1988, Plaintiff alleges that Defendant Filyac made comments to her about her buttocks on several occasions. One such alleged comment occurred on June 7, 1989. In response to Plaintiff's asking him why he ran up the steps of the union hall ahead of her and slammed the door, Filyac allegedly said "... because I wanted to hurry up and get into the union hall before your big rear got stuck in the hallway." In addition to these comments, Plaintiff alleges that from 1987 to 1990 Defendant Local 600 had printed and distributed calendars of women in various stages of nudity. The calendars displayed Local 600's logo, address, and telephone number. These calendars were distributed to employers and found in employment trailers on job sites throughout the Union's jurisdiction. Plaintiff alleges that she had to enter these trailers in the course of her employment. Plaintiff also alleges that Defendant Local 600 displayed a "girlie" poster in the Union hall. Plaintiff alleges that when she complained about the remarks, the calendar, and the poster, she was either ignored, laughed at, or in one instance, laid off the job.

Factors to consider in determining whether a plaintiff can support a claim for a continuing violation are subject matter, frequency, and degree of permanence. *Waltman v. International Paper Co.,* 875 F.2d 468, 475 (5th Cir.1989). Here, the alleged acts involve the same subject matter; the derogatory comments by Filyac, the calendars, and the poster involve sexual harassment based upon a hostile, offensive, or intimidating work environment. Second, the Court finds that the alleged acts are recurring rather than in the nature of an isolated work assignment or employment

decision. Defendant Filyac made comments in 1988 and 1989. Each year, for three years from 1987 to 1990, Local 600 had printed and disseminated calendars. As the Fifth Circuit stated in *Waltman*, the fact that there were gaps between the specified incidents does not demonstrate a lack of continuity. *Id.* at 476. The courts have heard sexual harassment claims involving separate incidents spanning many years without even mentioning the timeliness issue. *See Meritor Savings Bank v. Vinson*, 477 U.S. 57, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) (plaintiff's claim for sexual harassment encompassed incidents over a four year period); *Broderick v. Ruder*, 685 F.Supp. 1269 (D.D.C.1988) (plaintiff's claim was based upon incidents spanning six years). Finally, the court should ask whether the act has the degree of permanence that should trigger an employee's awareness and duty to assert his or her rights. *Waltman*, 875 F.2d at 475. As the Fifth Circuit noted, "acts of harassment that create an offensive or hostile environment generally do not have the same degree of permanence as for example, the loss of promotion." *Id.* at 476. In the latter example, there is an element of permanence to the discriminatory action that should, in most cases, alert a plaintiff that her rights have been violated. In contrast, a sexually derogatory remark, like the one allegedly made by Defendant Filyac on or before September 23, 1988, lacks that degree of permanence. As Plaintiff argues in her brief in opposition to Defendants' motions "[s]exual harassment and discrimination is many times comprised of incidents which perhaps if taken separately will not prove offensive, but when taken together show a pattern of debasement to women or minorities. In the instant case, Plaintiff did not overreact and file a complaint immediately. She filed a complaint only after she realized that her complaints to Local 600 representatives and the International Union fell on deaf ears."

The Court concludes that Plaintiff's allegations of individual incidents of harassment coupled with the distribution of calendars are sufficient to allow Plaintiff to proceed on a continuing violation theory.

Thus, at trial, Plaintiff may introduce evidence concerning the remark made by Defendant Filyac on or before September 23, 1988 even though it is beyond the 300 day filing period because she has sufficiently alleged that discriminatory acts related to the prior act occurred within the 300 day filing period.

The Court will deny Defendants' motions in limine on this issue.